UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONDO VALDEZ,<br><br>                      Plaintiff,<br>    v.<br><br>WASHINGTON STATE PENITENTIARY (ADMINISTRATION FROM 2005-2006); WASHINGTON CORRECTION CENTER (ADMINISTRATION FROM 2006-2007); STAFFORD CREEK CORRECTION CENTER (ADMINISTRATION FROM 2007); MONROE CORRECTIONAL COMPLEX (ADMINISTRATION FROM 2007-2010; DEPARTMENT OF CORRECTINS (ADMINISTRATION AND HEADQUARTERS FROM 2005-2010), CO STEVE RAMSEY; CO SEAN MURPHY; CUS BRUNER; CUS PRESTON; COUNSELOR NEELEY; DR. COLBY; DR. PIERCE; LT. LONG; LT. MONTGOMERY; SUPT. ANDERSON; CUS HOWE; CUS MILLER; COUNSELOR ARCHIBALD; COUNSELOR HATHAWAY; and SUPT. FRAKES,<br><br>                      Defendants. | No. C10-5407 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Mondo Valdez is presently confined at the Monroe Correctional Complex in Monroe, Washington. Under separate Order, the court has granted Plaintiff's application to proceed *in forma pauperis*.

ORDER TO AMEND OR SHOW CAUSE- 1

Presently before the court for review is Plaintiff's proposed civil rights complaint in which he asserts numerous claims against the Department of Corrections and "Administrations" of several Washington state correctional institutions and employees where Plaintiff was incarcerated from 2006 through the present. Dkt. 1-2, p. 2-3. For example, Plaintiff alleges that while he was at WSP-IMU during 2005 and 2006, he was assaulted by corrections officers, starved, and forced to sleep on the concrete in the nude. He alleges that CUS Sean Murphy instructed and authorized officers to take and dispose of his personal and legal property. He alleges that his legal mail was delayed. While he was at WCC-IMU from September to November 2007, Plaintiff alleges that he was attacked by racist officers while he was handcuffed. And, while at MCC from 2007 until 2010, Plaintiff alleges that he was placed in segregation because the Sergeant who authorized the attack on him at WCC reported that Plaintiff was suicidal and on a food strike. Plaintiff alleges that throughout the years of 2008 and 2009 he was continuously harassed by abusive counselors and psychologists harassed him and attempted to force him to take medications. He alleges that personal belongings were stolen by Counselor Neely and Counselor Vilma. *Id.* In a declaration filed along with his complaint, Plaintiff alleges that he has been illegally held in segregation since February 2005. Dkt. 1-3, p. 1. He also alleges that he was continually harassed, wrongfully infracted and assaulted by staff at WSP and that this conduct was authorized by Sean Murphy. *Id.*, p. 2. He alleges that his legal papers were removed and that he missed deadlines on his criminal appeals. *Id.* He alleges that he was forced to strip in front of female staff and that an unnamed officer hit him in the groin area. *Id.*

Plaintiff asks the court to order his release to general population; $10,000.00 for being held in segregation for five years; $4,000.00 for excessive force, deliberate indifference, cruel

ORDER TO AMEND OR SHOW CAUSE- 2

and inhumane punishment, degrading punishments and psychological torture and trauma. Dkt. 1-2, p. 4. Additionally, Plaintiff asks for future damages for what he will "have to go through from staff telling inmates I'm a snitch, sex offender, & in protective custody when I'm not." *Id.*

DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although

ORDER TO AMEND OR SHOW CAUSE- 3

complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, while the Court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the Court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response or amend his complaint.

Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

ORDER TO AMEND OR SHOW CAUSE- 4

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

In his complaint, plaintiff identifies the following individuals as defendants Steve Ramsey, Sean Murphy, CUS Bruner, CUS Preston, Counselor Neely, Dr. Colby, Dr. Pierce, Lt. Long, Lt. Montgomery, Asst. Supt. Anderson, CUS Howe, CUS Miller, Counselor Archibald, Counselor Hathaway, and Superintendent Frakes. Dkt. 1-2, p. 3.

ORDER TO AMEND OR SHOW CAUSE- 5

1
2
3
4
5
6
7

As noted above, Plaintiff alleges a wide panoply of claims spanning five years.  He broadly alleges that unnamed defendants have harassed and assaulted him, stolen property from him, interfered with his mail and his access to courts, failed to provide him with inadequate medical care, retaliated against him, injured his reputation, inflicted cruel and unusual punishment on him, and provided him with poor living conditions and poor disciplinary treatment.  Plaintiff's complaint is disorganized and difficult to decipher.

8
9
10
11
12
13
14
15

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2). Each allegation of the pleading must be "simple, concise, and direct." Fed. R. Civ. P. 8(e) (1). Although the Federal Rules adopt a flexible pleading policy, a complaint must provide each defendant with fair notice of the claims alleged against him or her and must contain factual allegations that state the elements of each claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984).

16
17
18
19
20
21

Plaintiff's complaint does not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. The lengthy, fragmented pleading does not contain a short and plain statement of the claims, and the pleading is far from "simple, concise, and direct." As presented, the complaint does not provide each defendant with fair notice of the claims alleged against him or her.   However, the court will grant leave to file an amended complaint.

22
23
24
25
26

In an amended complaint, Plaintiff must allege facts demonstrating how the specific acts and conditions complained of have resulted in a deprivation of plaintiff's federal constitutional rights.  *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980).  An amended complaint must also allege in specific terms how each named defendant was involved in the deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

ORDER TO AMEND OR SHOW CAUSE- 6

connection between a defendant's actions and the claimed deprivation.  *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).  Vague and conclusory allegations of official participation in civil rights violations will not suffice.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

Plaintiff shall file his amended complaint, setting forth all of his factual claims, causes of action, claims for relief, and any exhibits.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint.  In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed.  Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court.  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be

ORDER TO AMEND OR SHOW CAUSE- 7

clearly labeled the "First Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of plaintiff's rights.

If Plaintiff elects to proceed in this action by filing an amended complaint, the court advises him of the following:

With regard any medical or mental health care claims, Plaintiff is advised that the U.S. Supreme Court has held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06).

With regard to property claims, Plaintiff is advised that the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth

ORDER TO AMEND OR SHOW CAUSE- 8

Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

With regard to excessive force claims, Plaintiff is advised that the Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. It is well established that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). *See also Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citing *Whitley*, 475 U.S. at 320). The plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. *Wilson v. Seiter*, 501 U.S. 294, 298-99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

ORDER TO AMEND OR SHOW CAUSE- 9

To the extent Plaintiff is attempting to pursue a claim that prison officials failed to protect him, plaintiff is advised that the Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. *Id*. at 834.

With regard to his mail claims, Plaintiff is advised that inmates' First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (per curiam). A regulation that impinges on an inmate's First Amendment rights is valid if that regulation "is reasonably related to legitimate penological interests." *Frost v. Symington*, 197 F.3d 348, 354 (9th Cir. 1999) (citing *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Deterring criminal activity and maintaining prisoner security are legitimate penological interests that justify regulations on prisoner mail. *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996).

With regard to his access to courts claims, Plaintiff is advised that the Fourteenth Amendment guarantees persons in state custody meaningful access to the courts, a right which is an aspect of the First Amendment right to petition the government for a redress of grievances. *Bill Johnson's Restaurants, Inc. v. National Labor Relations Board*, 461 U.S. 731, 741, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983); *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). This right of access requires state officials to assist persons in state custody in preparing and filing legal papers by either: (1) providing them with persons trained in the law or

ORDER TO AMEND OR SHOW CAUSE- 10

(2) providing adequate law libraries. *Bounds*, 430 U.S. at 828. However, "law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey,* 518 U.S. 343, 351 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (quoting *Bounds*, 430 U.S. at 825). The purpose of the right to meaningful access is to provide those in state custody the tools necessary "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

To establish a violation of the right of access to courts, a plaintiff must allege both that he was denied access to legal research materials or advice and that this denial harmed his ability to pursue non-frivolous legal action, i.e., plaintiff must show actual injury. A plaintiff cannot show an actual injury "simply by establishing that [the state's] law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Instead, actual injury results from "some specific 'instance in which [the plaintiff] was actually denied access to the courts.'" *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989).

Plaintiff is also advised that the "Administrations" of the various named correctional facilities are not proper parties. Entities such as the "DOC," "Washington State Penitentiary IMU, CUS & CPM," and "WSP Admin. 2005-2006" are not "persons" for purposes of a section 1983 civil rights action. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. See also, *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

ORDER TO AMEND OR SHOW CAUSE- 11

Plaintiff must set forth facts describing when, where and how *individually* named defendants deprived him of a constitutional right.

Plaintiff also purports to sue various penal institutions and individually named defendants in their "official and individual capacities." Dkt. 1-2, p. 1.  However, it is well-established that the Eleventh Amendment affords nonconsenting states constitutional immunity from suit in both federal and state courts. *See, e.g., Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).  Similarly, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and thus the state. *Will v. Mich. Dep't of State*, 491 U.S. at 71.

In his declaration, Plaintiff complains that he has been held illegally in a "segregation/ Intensive Management Unit since February of 2005." He seeks $10,000.00 for the time he has been held in "segregated torture." Dkt. 1-2, p. 4.  To the extent Plaintiff argues that his infraction hearings and/or punishment was improper, this is not the proper venue to bring such an action.  A prisoner may not bring a 42 U.S.C. § 1983 claim for damages if a judgment in his favor would "necessarily imply the invalidity of the punishment imposed" at a prison disciplinary hearing. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck v. Humphries*, 512 U.S. 477, 487 (1997).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).   In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions

ORDER TO AMEND OR SHOW CAUSE- 12

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486-87.

Plaintiff is further advised that the Washington state statute of limitations governing personal injury actions applies to claims brought under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 276-79, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Ninth Circuit held that the applicable Washington statute is Wash. Rev. Code ("RCW") § 4.16.080. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir.1981); *see also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991), *cert. denied*, 502 U.S. 1091, 112 S.Ct. 1161, 117 L.Ed.2d 409 (1992). RCW § 4.16.080 provides a three-year statute of limitations. Mr. Valdez filed his proposed complaint on June 7, 2010. Thus, Plaintiff's § 1983 claims relating to the conditions of his confinement prior to June 6, 2007 may be time barred.

Plaintiff has also filed a request for injunctive relief. Dkt. 1-4. Among other things, Plaintiff requests a transfer from the Monroe Correctional Complex. Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named defendants and the named defendants have been served with the summons and complaint. *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). As noted above, the court is granting

ORDER TO AMEND OR SHOW CAUSE- 13

Plaintiff leave to amend. However, at this juncture, Plaintiff's requests for injunctive relief are premature.[1]

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **August 20, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff is further directed to provide copies of his First Amended Complaint and completed marshal forms with the current address for each named defendant.

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

Dated this  29th  day of July, 2010.

Karen L. Strombom
United States Magistrate Judge

---

[1] The court also notes that it is well-established that inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in a particular cell or unit within a facility. *See Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Rizzo v. Dawson,* 778 F.2d 527, 530 (9th Cir.1985).

ORDER TO AMEND OR SHOW CAUSE- 14