UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONDO VALDEZ,

                Plaintiff,

   v.

WASHINGTON STATE PENITENTIARY, WASHINGTON CORRECTION CENTER, STAFFORD CREEK CORRECTION CENTER, MONROE CORRECTIONAL COMPLEX, and DEPARTMENT OF CORRECTIONS,

                Defendants.

NO. C10-5407 BHS/KLS

ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for the appointment of counsel. Dkt. 8. Having carefully reviewed Plaintiff's motion, and balance of the record, the court finds, for the reasons stated below, that Plaintiff's motion should be denied.

### DISCUSSION

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S.*

ORDER - 1

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff maintains that he should be appointed counsel because he cannot afford counsel, his imprisonment and confinement in segregation will greatly limit his ability to litigate, the issues in this case are complex, he has limited access to the law library and limited

ORDER - 2

knowledge of the law, a trial will likely involve conflicting testimony that counsel would be better able to present, and he has made repeated unsuccessful efforts to obtain counsel. Dkt. 8.

Plaintiff's inability to obtain counsel and lack of legal skills are not exceptional circumstances which warrant the appointment of counsel. There is nothing in the motion for counsel presented to the court to indicate that a finding of exceptional circumstances is warranted in this case. While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant. Concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of difficulties encountered by many pro se litigants. There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.

Plaintiff filed his complaint *pro se* and he has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. In his complaint, Mr. Valdez claims that various corrections officers have assaulted him and stolen his personal and legal property. These are not complex issues. Plaintiff has also not shown a likelihood of success on the merits.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. 8) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this  9th  day of September, 2010.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3