UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MONDO VALDEZ,<br><br>                    Plaintiff,<br><br>v.<br><br>WASHINGTON STATE PENITENTIARY (ADMINISTRATION FROM 2005-2006); WASHINGTON CORRECTION CENTER (ADMINISTRATION FROM 2006-2007); STAFFORD CREEK CORRECTION CENTER (ADMINISTRATION FROM 2007); MONROE CORRECTIONAL COMPLEX (ADMINISTRATION FROM 2007-2010; DEPARTMENT OF CORRECTINS (ADMINISTRATION AND HEADQUARTERS FROM 2005-2010), CO STEVE RAMSEY; CO SEAN MURPHY; CUS BRUNER; CUS PRESTON; COUNSELOR NEELEY; DR. COLBY; DR. PIERCE; LT. LONG; LT. MONTGOMERY; SUPT. ANDERSON; CUS HOWE; CUS MILLER; COUNSELOR ARCHIBALD; COUNSELOR HATHAWAY; and SUPT. FRAKES,<br><br>                    Defendants. | No. C10-5407 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  October 29, 2010** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  On July 29, 2010, the court granted the application of Plaintiff Mondo Valdez, to proceed *in forma pauperis.*  Dkt. 5.  Following review of Mr. Valdez's civil rights complaint (Dkt. 6), the court granted Mr. Valdez leave to file an amended complaint or to show cause why this matter should

REPORT AND RECOMMENDATION - 1

not be dismissed for failure to state a claim, on or before August 20, 2010. Dkt. 10. On August 31, 2010, Plaintiff filed a motion for extension of time to respond to the court's order. Dkt. 11. The court granted the extension, directing Mr. Valdez to file his amended complaint on or before September 24, 2010. Dkt. 13. Mr. Valdez has failed to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.[1]

The undersigned recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim

---

[1] On September 28, 2010, Mr. Valdez filed a motion for reconsideration of the court's Order denying his motion for the appointment of counsel. Dkt. 14. Mr. Valdez claims that Order should be reconsidered, in part, because he does not know what is wrong with his complaint and needs the assistance of counsel. *Id.* The court has denied that motion under separate cover.

REPORT AND RECOMMENDATION - 2

upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Id*.  While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead.  *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

On the basis of these standards, the undersigned concludes that Mr. Valdez has failed to state a claim upon which relief can be granted.

Plaintiff purports to assert numerous claims against the Department of Corrections and "Administrations" of several Washington state correctional institutions and employees where Plaintiff was incarcerated from 2006 through the present. Dkt. 6, p. 2-3. For example, Plaintiff alleges that while he was at WSP-IMU during 2005 and 2006, he was assaulted by corrections officers, starved, and forced to sleep on the concrete in the nude.  He alleges that CUS Sean Murphy instructed and authorized officers to take and dispose of his personal and legal property. He alleges that his legal mail was delayed.  While he was at WCC-IMU from September to

REPORT AND RECOMMENDATION - 3

November 2007, Plaintiff alleges that he was attacked by racist officers while he was handcuffed. And, while at MCC from 2007 until 2010, Plaintiff alleges that he was placed in segregation because the Sergeant who authorized the attack on him at WCC reported that Plaintiff was suicidal and on a food strike. Plaintiff alleges that throughout the years of 2008 and 2009 he was continuously harassed by abusive counselors and psychologists harassed him and attempted to force him to take medications. He alleges that personal belongings were stolen by Counselor Neely and Counselor Vilma. *Id.* In a declaration filed along with his complaint, Plaintiff alleges that he has been illegally held in segregation since February 2005. Dkt. 6, p. 1. He also alleges that he was continually harassed, wrongfully infracted and assaulted by staff at WSP and that this conduct was authorized by Sean Murphy. *Id.*, p. 2. He alleges that his legal papers were removed and that he missed deadlines on his criminal appeals. *Id.* He alleges that he was forced to strip in front of female staff and that an unnamed officer hit him in the groin area. *Id.*

Plaintiff asks the court to order his release to general population; $10,000.00 for being held in segregation for five years; $4,000.00 for excessive force, deliberate indifference, cruel and inhumane punishment, degrading punishments and psychological torture and trauma. Dkt. 6, p. 4. Additionally, Plaintiff asks for future damages for what he will "have to go through from staff telling inmates I'm a snitch, sex offender, & in protective custody when I'm not." *Id.*

With regard to Plaintiff's claims against the individual defendants Steve Ramsey, Sean Murphy, CUS Bruner, CUS Preston, Counselor Neely, Dr. Colby, Dr. Pierce, Lt. Long, Lt. Montgomery, Asst. Supt. Anderson, CUS Howe, CUS Miller, Counselor Archibald,

REPORT AND RECOMMENDATION - 4

Counselor Hathaway, and Superintendent Frakes, Plaintiff has failed to allege facts demonstrating how the specific acts or inaction of these individuals resulted in the deprivation of his federal constitutional rights.  *See* Dkt. 10, pp. 6-7.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See Monell v. Department of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

Plaintiff alleges a wide panoply of claims spanning five years.  He broadly alleges that unnamed defendants have harassed and assaulted him, stolen property from him, interfered with

REPORT AND RECOMMENDATION - 5

his mail and his access to courts, failed to provide him with adequate medical care, retaliated against him, injured his reputation, inflicted cruel and unusual punishment on him, and provided him with poor living conditions and poor disciplinary treatment.  Plaintiff's complaint is disorganized and difficult to decipher.   The lengthy, fragmented pleading does not contain a short and plain statement of his claims and his far from "simple, concise, and direct," as required by Fed. R. Civ. P. 8(a) (2) and 8(e) (1).  Although the Federal Rules adopt a flexible pleading policy, a complaint must provide each defendant with fair notice of the claims alleged against him or her and must contain factual allegations that state the elements of each claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir.1984).  As presented, the complaint does not provide each defendant with fair notice of the claims alleged against him or her.  As to each of the broadly stated causes of action which the court was able to infer from a liberal reading of the complaint, the court provided Plaintiff with guidance as to the legal standards and need for factual allegations for claims such as denial of medical care, theft or loss of property, excessive force, interference with prisoner mail and, access to courts, as follows:

**Medical Care.**  With regard any medical or mental health care claims, the U.S. Supreme Court has held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06).

REPORT AND RECOMMENDATION - 6

**Loss of Property.**  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984).  Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Piatt v. McDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); see also *Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

**Excessive Force.**  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  It is well established that the "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).  *See also Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley*, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (citing *Whitley*, 475 U.S. at 320).  The plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each

REPORT AND RECOMMENDATION - 7

defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. *Wilson v. Seiter*, 501 U.S. 294, 298-99, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

To the extent Plaintiff is attempting to pursue a claim that prison officials failed to protect him, plaintiff is advised that the Supreme Court has held that a prison official violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. *Id*. at 834.

**Interference with Mail.** Inmates' First Amendment rights are "necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (per curiam). A regulation that impinges on an inmate's First Amendment rights is valid if that regulation "is reasonably related to legitimate penological interests." *Frost v. Symington*, 197 F.3d 348, 354 (9th Cir. 1999) (citing *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Deterring criminal activity and maintaining prisoner security are legitimate penological interests that justify regulations on prisoner mail. *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996).

**Access to Courts.** The Fourteenth Amendment guarantees persons in state custody meaningful access to the courts, a right which is an aspect of the First Amendment right to petition the government for a redress of grievances. *Bill Johnson's Restaurants, Inc. v. National Labor Relations Board*, 461 U.S. 731, 741, 103 S. Ct. 2161, 76 L. Ed. 2d 277 (1983); *Bounds v. Smith*, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). This right of access requires

REPORT AND RECOMMENDATION - 8

state officials to assist persons in state custody in preparing and filing legal papers by either: (1) providing them with persons trained in the law or (2) providing adequate law libraries. *Bounds*, 430 U.S. at 828. However, "law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey,* 518 U.S. 343, 351 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (quoting *Bounds*, 430 U.S. at 825). The purpose of the right to meaningful access is to provide those in state custody the tools necessary "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355.

To establish a violation of the right of access to courts, a plaintiff must allege both that he was denied access to legal research materials or advice and that this denial harmed his ability to pursue non-frivolous legal action, i.e., plaintiff must show actual injury. A plaintiff cannot show an actual injury "simply by establishing that [the state's] law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. Instead, actual injury results from "some specific 'instance in which [the plaintiff] was actually denied access to the courts.'" *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989).

Although he was granted leave to amend his complaint to plead his claims with specificity, Plaintiff has failed to do so. In addition, Plaintiff was advised as to deficiencies in the persons and/or entities he seeks to sue.

**Suable Persons under § 1983.** Entities such as the "DOC," "Washington State Penitentiary IMU, CUS & CPM," and "WSP Admin. 2005-2006" are not "persons" for purposes of a section 1983 civil rights action. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses

REPORT AND RECOMMENDATION - 9

state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity.  See also, *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).    Plaintiff must set forth facts describing when, where and how *individually* named defendants deprived him of a constitutional right.

Plaintiff was also advised that the "Administrations" of the various named correctional facilities are not proper parties.  Entities such as the "DOC," "Washington State Penitentiary IMU, CUS & CPM," and "WSP Admin. 2005-2006" are not "persons" for purposes of a section 1983 civil rights action. Section 1983 authorizes assertion of a claim for relief against a "person" who acted under color of state law. A suable §1983 "person" encompasses state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity. See also, *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

**Suit Against Official Capacity Defendants.**  Plaintiff also named various penal institutions and individually named defendants in their "official and individual capacities."  Dkt. 6, p. 1.   However, it is well-established that the Eleventh Amendment affords nonconsenting states constitutional immunity from suit in both federal and state courts.  *See, e.g., Alden v. Maine*, 527 U.S. 706, 748 (1999); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Warnock v. Pecos County*, 88 F.3d 341, 343 (5th Cir. 1996).  Similarly, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office and thus the state.  *Will v. Mich. Dep't of State*, 491 U.S. at 71. Accordingly, any claim against the individually named defendants in their "official" capacities must be dismissed.

**Damages for Improper Infraction.**  In his declaration, Plaintiff complains that he has been held illegally in a "segregation/ Intensive Management Unit since February of 2005."  He

REPORT AND RECOMMENDATION - 10

seeks $10,000.00 for the time he has been held in "segregated torture." Dkt. 6, p. 4. To the extent Plaintiff argues that his infraction hearings and/or punishment was improper, this is not the proper venue to bring such an action. A prisoner may not bring a 42 U.S.C. § 1983 claim for damages if a judgment in his favor would "necessarily imply the invalidity of the punishment imposed" at a prison disciplinary hearing. *Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Heck v. Humphries*, 512 U.S. 477, 487 (1997). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. at 486-87.

**Statute of Limitations.** The Washington state statute of limitations governing personal injury actions applies to claims brought under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 276-79, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The Ninth Circuit held that the applicable Washington statute is Wash. Rev. Code ("RCW") § 4.16.080. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir.1981); *see also Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir.1991), *cert. denied*, 502 U.S. 1091, 112 S. Ct. 1161, 117 L.Ed.2d 409 (1992). RCW § 4.16.080 provides a three-year statute of limitations. Mr. Valdez filed his proposed complaint on June 7, 2010. Thus, Plaintiff's § 1983 claims relating to the conditions of his confinement prior to June 6, 2007 may be time barred.

In light of the deficiencies noted above, the court declined to serve Mr. Valdez's complaint, but gave him an opportunity to show cause why this matter should not be dismissed.

REPORT AND RECOMMENDATION - 11

The court explained the deficiencies outlined above, explained how Plaintiff should set forth his factual claims in separately numbered paragraphs, specifically setting forth the names, dates and specific conduct of those defendants who caused a deprivation of his constitutional rights. Dkt. 10, p. 7. He was also provided with the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. *Id.*, p. 14. Mr. Valdez has not filed an amended complaint or responded to the court's order to show cause.

## CONCLUSION

Mr. Valdez was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to respond to the court's order to show cause. Construing the complaint in the light most favorable to him and resolving all doubts in his favor, it is clear that has failed to state a claim on which relief may be granted.

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 29, 2010,** as noted in the caption.

DATED this  6th  day of October, 2010.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12